**Osbert L. WALKER, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 00–3334.

United States Court of Appeals, Federal Circuit.

Feb. 8, 2001.

Before MAYER, Chief Judge, LOURIE and BRYSON, Circuit Judges.

PER CURIAM.

Osbert L. Walker appeals the initial decision of the Merit Systems Protection Board, No. AT–0752990484–I–2 (October 19, 1999), affirming his removal from the United States Postal Service for making threatening comments in the workplace. The initial decision became final on March 31, 2000, when the full board denied Walker's petition for review. We *affirm.*

We may only set aside a decision of the board when it is "(1) arbitrary,. capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

Substantial evidence supports the board's factual finding that the Postal Service proved by a preponderance of the evidence that Walker made threatening comments. *See* 5 U.S.C. § 7701(c)(1)(B) (1994). Furthermore, many of these findings rest on the credibility determinations of the administrative judge, which are "virtually unreviewable." *Hambsch v. Dep't of the Treasury,* 796 F.2d 430, 436 (Fed.Cir. 1986). The administrative judge credited the testimony of three of Walker's co-workers who heard, and felt threatened by his statements. Although Walker testified that he intended to do no harm, the administrative judge properly applied a reasonable person standard and considered the factors set out in *Metz v. Dep't of the Treasury,* 780 F.2d 1001, 1002 (Fed.Cir. 1986), in finding he had made threatening comments.

To sustain an adverse action, an agency also must prove that the disciplinary action promotes the efficiency of the service. 5 U.S.C. § 7513(a) (1994). Since threatening co-workers is work-related, the administrative judge properly determined that a nexus exists. In consideration of the seriousness of the offense, Walker's prior disciplinary record, and the agency's zero-tolerance policy for workplace threats, the administrative judge properly determined that the penalty was within the tolerable limits of reasonableness. *See Gonzales v. Def. Logistics Agency,* 772 F.2d 887, 889 (Fed.Cir.1985) ("Penalty decisions are judgment calls best left to the discretion of the employing agency."). Walker's additional arguments for reversal of the board's decision are also without merit.